IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CV-625-BO

| | |
|---|---|
| ROBERT GLENN MCINTOSH, III )<br>Plaintiff, )<br> )<br>v. )<br> )<br>KCA CORPORATION, RICHARD )<br>SIMMONS, ROBERT BARNES, )<br>MARILYN STEPHENS, AND GREGORY )<br>RAYAS, )<br>Defendants. ) | O R D E R |

This matter is before the Court on Plaintiff's Motion to Dismiss [DE 56]. Defendants did not respond to the Motion, and it is now ripe for adjudication. For the reasons discussed below, Plaintiff's Motion to Dismiss is ALLOWED. The action is DISMISSED WITHOUT PREJUDICE.

BACKGROUND

On December 22, 2008, Plaintiff Robert Glenn McIntosh, III, filed suit against Defendants, his employer and supervisors, alleging a "sexually hostile environment" in violation of Title VII of the Civil Rights Act of 1964, as amended. Mr. McIntosh specifically alleged that he was subjected to "gay jokes [and] slurs" and was called "Roberta" at work [DE 1-2]. He also alleged that he was subjected to retaliation after bringing his grievances to the attention of his supervisors. Defendants denied the allegations and the case proceeded to discovery [DE 29]. On May 6, 2011, Defendants filed a Motion to Compel Discovery [DE 38]. Mr. McIntosh responded with a Motion For Extension of Time to Complete Discovery [DE 45] and a Motion to Stay Discovery [DE 46]. Defendants then filed a Motion to Continue Time to File Dispositive

Motions [DE 48], a Second Motion to Compel Discovery [DE 53], and a Motion for Summary Judgment [DE 54]. On September 12, 2011, before the Court ruled on the above pending motions, Mr. McIntosh filed the instant Motion [DE 56]. Defendants did not respond in opposition.

## DISCUSSION

Motions for voluntary dismissal are evaluated pursuant to Federal Rule of Civil Procedure 41. Because Defendants have already filed an answer [DE 29] and a motion for summary judgment [DE 54], this action may be dismissed only by court order, on terms that the Court considers proper. Fed. R. Civ. P. 41(a)(2). Generally, a plaintiff's motion for voluntary dismissal without prejudice should not be denied absent unfair prejudice to the defendant. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). In evaluating motions for voluntary dismissal without prejudice, a district court evaluates: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation. *Gross v. Spies*, No. 96-2146, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998). These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. *Id.*

In this case, the Court finds that dismissal without prejudice is appropriate. At this time, only limited discovery has taken place. Although Defendants have alleged that Mr. McIntosh lacked diligence in responding to discovery requests and have filed a motion for summary judgment, they have not filed a response in opposition to Mr. McIntosh's request to dismiss without prejudice, and have not explained why dismissal without prejudice would unfairly burden them. Mr. McIntosh has asserted in his Motion that he is "medically disabled...homeless

with no financial and legal help" and that "it is medically impossible to precede [sic] with the case" [DE 56]. Because Defendants have not alleged that Mr. McIntosh has pursued and dismissed this case in any other federal or state court action, and because the Court does not perceive that undue prejudice will accrue to Defendants as a result of a dismissal without prejudice, Mr. McIntosh's Motion to Dismiss is allowed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss [DE 56] is ALLOWED and this case is DISMISSED. In light of this Order, the remaining pending motions in this case are DENIED as MOOT [DE 38, 45, 46, 48, 53, 54].

SO ORDERED. This _12_ day of November, 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE